1  Christopher W. Brown, SBN 243472
   The DuBoff Law Group, LLC
   6665 SW Hampton Street, Suite 200
2  Portland, Oregon 97223-8357
   Telephone: (503) 968-8111
3  Facsimile: (503) 968-7228
   cbrown@dubofflaw.com

4

5  Attorney for Defendants Michael D. Sage
   and Susan Gilmour Sage, dba Sage Designs

6  Lawrence G. Townsend, Esq., SBN 88184
   ltownsend@owe.com
7  Linda Joy Kattwinkel, Esq. SBN 164283
   ljk@owe.com
8  Owen, Wickersham & Erickson, PC
   455 Market Street, Ste. 1910
9  San Francisco, CA 94105
   phone: (415) 882-3200
10 fax:    (415) 882-3232

11 Attorneys for Plaintiff Leaf Lines, LLC

12

13               UNITED STATES DISTRICT COURT

14          FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16 **LEAF LINES, LLC, a California Company,**          **Case No. CV074015MMC**

                                      Plaintiff,     **JOINT CASE MANAGEMENT**
17                                                   **STATEMENT AND PROPOSED**
        v.                                           **ORDER**
18
   **MICHAEL D. SAGE and SUSAN GILMOUR**
19 **SAGE, Washington State residents dba SAGE**
   **DESIGNS, and DOES 1-100**
20
                                      Defendants.
21

22
        The parties to the above-entitled action jointly submit this Case Management Statement
23
   and Proposed Order and request the Court to adopt it as its Case Management Order in this case.
24
   / / /
25
   / / /
26
   / / /

        1- **JOINT CASE MANAGEMENT STATEMENT**
           **AND PROPOSED ORDER**
           **Case No: CV074015MMC**
   \\Jelad\Clients\3400-3499\3443\Pleadings\Joint CASE MANAGEMENT STATEMENT.DOC

1. **JURISDICTION AND SERVICE**

This is an action to redress alleged violations of the federal copyright laws, 17 U.S.C. § 501, et seq., federal laws of trade dress infringement and unfair competition, 15 U.S.C. §1125(a) et seq., as amended, federal law of dilution, 15 U.S.C. § 1125 (c), California state law of unfair competition, Cal. Bus. & Prof. Code § 17200 et seq., breach of contract under California law, breach of fiduciary duty under California law, and misrepresentation under the federal Digital Millennium Copyright Act, 17 U.S.C. § 512(f) ("DMCA"). This Court has subject matter jurisdiction over Plaintiff's claims under and pursuant to 28 U.S.C. §§ 1331 and 1338. This court has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367. Venue in the Northern District of California is proper pursuant to 28 U.S.C.§ 1391(b), § 1392 and § 1400(a).

No parties remain to be served.

Defendants will raise claims of misrepresentation under the DMCA, for an accounting under the federal copyright laws, 17 U.S.C. § 501, et seq., breach of contract under California law, California state law of unfair competition, Cal. Bus. & Prof. Code § 17200, et seq., intentional interference with prospective business advantage under California law, and negligent interference with prospective business advantage under California law.  This Court has subject matter jurisdiction over Defendants' claims under and pursuant to 28 U.S.C. §§ 1331 and 1338. This court has supplemental jurisdiction over Defendants' claims pursuant to 28 U.S.C. § 1367.

2. **DESCRIPTION OF THE CASE**

Plaintiff Leaf Lines, LLC of Mountain View, California, manufactures and sells fine arts and crafts products at wholesale throughout the United States. Plaintiff was formed on or about November 8, 2005. From 1993 to November 2005, Booker Morey, Plaintiff's principal and founder, acted as a sole proprietorship doing business as Leaf Lines.

In 1993, Mr. Morey developed an allegedly proprietary leaf-etching process for creating "skeletonized" or "etched" leaves, which he has allegedly kept confidential. Also in 1993, Mr.

1- **JOINT CASE MANAGEMENT STATEMENT**
   **AND PROPOSED ORDER**
   **Case No: CV074015MMC**

1  Morey developed an allegedly distinctive design for artworks which feature three-dimensional

2  collages of his etched leaves in small shadowboxes  (the "Small Shadowbox Designs"), and

3  since then has promoted and sold products comprising the Small Shadowbox Designs as part of

4  the Leaf Lines product line. Leaf Lines, LLC claims exclusive copyright and trade dress rights in

5  its Small Shadowbox Designs. There are ten U.S. Copyrights for the Small Shadowbox Designs.

6      Defendants Michael D. Sage and Susan Gilmour Sage are husband and wife currently

7  doing business as Sage Designs. They operated a business making and selling fine arts and crafts

8  out of their home in Sunnyvale, California, until 2003, when they moved to Vancouver,

9  Washington. Mr. Morey met Mr. Sage at a crafts trade show in San Francisco in March 1995,

10  where Mr. Sage was displaying and selling primarily vases made of wood. Thereafter, the parties

11  entered into a business relationship under which Mr. Sage sold and eventually participated in

12  constructing Leaf Lines products, including Small Shadowbox Designs.

13      The exact nature of the parties' contractual and working relationships, and Mr. Sage's

14  alleged participation in creating the Small Shadowbox Designs, are in dispute. Without further

15  detailing the many factual disputes, the parties' history can be summarized as follows:

16      On September 14, 1995, the parties signed an agreement under which Sage would sell

17  Leaf Lines products alongside his own. From September 1995 until approximately September

18  2002, Mr. Sage sold Plaintiff's Leaf Lines products on a consignment basis at festivals and trade

19  shows.  In 2002, the arrangement was changed from consignment to wholesale purchase of

20  products by Sage.

21      Meanwhile, in approximately March 1999, the parties began discussing the possibility

22  that Mr. Sage might eventually buy the Leaf Lines business. On October 24, 2001, Mr. Morey,

23  Mr. Sage, and Mrs. Sage signed a document under which Plaintiff contends certain limits were

24  placed on the Sages (the "2001 Agreement"). These provisions were to be effective until 2011 or

25  until the Leaf Lines business was sold to Sage Designs.

26

1- **JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER
Case No: CV074015MMC**
\\Jelad\Clients\3400-3499\3443\Pleadings\Joint CASE MANAGEMENT STATEMENT.DOC

1   After the Sages moved to Vancouver in 2003, Mr. Morey's and Mr. Sage's relationship
2   became more strained. In February 2005, Mr. Sage made his last purchase of Leaf Lines
3   products. In July 2005 the parties' ongoing discussions regarding the purchase price and
4   financing for the proposed sale became acrimonious. On May 2, 2006, Plaintiff, through letter
5   from counsel, suspended such discussions pending resolution of Plaintiff's infringement claims
6   (as set forth more fully below).
7       At least as early as June 2005, the Sages were making their own products comprising
8   etched leaf collages in shadowboxes under the "Sage Designs" trade name and mark, and the
9   slogan "The Fine Art of Phantom Leaves." They sold these items alongside the remaining Leaf
10  Lines products still in their possession. Plaintiff alleges the labels were missing from some of
11  the Leaf Lines products sold by Sage Designs during this time. Sage Designs has promoted and
12  sold etched leaf products, including some which Plaintiff alleges duplicate the Small Shadowbox
13  Designs, in various venues, including third party galleries, trade shows, festivals and websites.
14      Plaintiff alleges that the Sages deliberately removed the labels from Leaf Lines products
15  and sold them as Sage Designs products, and that the Sages made various misrepresentations (in
16  person at trade shows, public art festivals, and in printed and online promotional materials) as
17  follows: statements and implications that Mr. Sage was aware of and participated in developing
18  the Leaf Lines proprietary etching process, that it was an old process in the public domain; that
19  Sage Designs products utilized the same etching process and overall product quality as Leaf
20  Lines products; that Mr. Sage was offered a partnership in Leaf Lines; and that Sage Designs has
21  been and is the only source of etched leaf shadowbox products. Plaintiff also alleges that the
22  Sage Designs website displayed quotes of endorsement and praise from some purported
23  customers of Sage Designs products who were actually talking about Leaf Lines products, and
24  that the Sage Designs website offered preferential credit terms to galleries presently carrying
25  Leaf Lines products. Plaintiff has received and continues to receive comments and inquiries from
26

1- **JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER
Case No: CV074015MMC**

1  Leaf Lines' wholesale customers and potential retail customers about an association between

2  Sage Designs and Leaf Lines.

3      Defendants contend that Mr. Morey invited Mr. Sage to compete in the marketplace with

4  the Sage Designs products prior to Sage Designs beginning any sales. Defendants contend that,

5  at all times, Mr. Sage properly characterized his and Mr. Morey's working relationship, the

6  efforts and materials Mr. Sage put into the designs of these products, the development of Mr.

7  Sage's own skeletonizing process, and that he has properly marketed his goods.

8      In April 2007, Plaintiff sent notices under the DMCA to third parties who displayed or

9  promoted sale of the Sage Designs products that allegedly infringe the Leaf Lines Small

10  Shadowbox Designs. One such notice was sent to Wholesalecrafts.com regarding displays of

11  infringing images on its websites. Wholesalecrafts.com eventually removed the infringing

12  images from its sites. On July 24, 2007, Plaintiff received notice from Wholesalecrafts.com that

13  the infringing images would be returned to its site based on a purported DMCA counter-notice

14  provided by Mr. Sage. The counter-notice by Mr. Sage (as forwarded to Plaintiff by

15  Wholesalecrafts.com) states, under penalty of perjury, that the materials were removed as a result

16  of mistake or misidentification, and that "Mr. Morey and I (Michael Sage) have been

17  collaborative partners and I was the driving creative force in the relationship and own any

18  enforceable rights therein." Plaintiff then filed this action and informed Wholesalecrafts.com that

19  it had done so, and the allegedly infringing images have not been re-posted.

20  **3.    LEGAL ISSUES**

21      Plaintiff alleges that some of the Sage Designs products infringe Plaintiff's copyright and

22  trade dress rights in the Leaf Lines Small Shadowbox Designs in violation of federal copyright

23  law and federal and state trademark law; that the misrepresentations described above comprise

24  false advertising and unfair competition in violation of federal and state laws; that Defendants

25  have breached the 2001 Agreement; that Defendants have breached their fiduciary duty to

26

**1-  JOINT CASE MANAGEMENT STATEMENT
    AND PROPOSED ORDER
    Case No: CV074015MMC**

\\Jelad\Clients\3400-3499\3443\Pleadings\Joint CASE MANAGEMENT STATEMENT.DOC

1   Plaintiff under California law; and that Defendants' statements to Wholesalecrafts.com in its

2   DMCA counter-notice constitute misrepresentation under the DMCA.

3        Defendants contend that Plaintiff lacks standing to bring these claims.

4        Defendant Michael Sage contends that he is a co-author of the works at issue in this suit.

5   The scope and breadth of any copyright, if there can be any, to the works is disputed because of

6   the nature of the Small Shadowbox Designs. Therefore, Defendants contend they cannot have

7   infringed any copyright claimed in this suit.

8        Defendants contend that there is no trade dress in the "Leaf Lines Small Shadowbox

9   Designs." Defendants deny they have committed unfair competition under state law.

10       Defendants contend that certain terms of the 2001 Agreement constitute an unenforceable

11  restraint on trade pursuant to Cal. Bus. & Prof. Code § 16600, et seq.  Further, the 2001

12  Agreement lacks consideration on the part of Mr. Morey, and is therefore unenforceable.

13  Defendants contend if there is consideration, then Mr. Morey breached the 2001 Agreement prior

14  to any breach by Defendants.

15       Defendants deny that they had any fiduciary duty to Plaintiff or Mr. Morey.

16       As counterclaims, Defendants allege that Mr. Sage, as co-author of the Small Shadowbox

17  Designs, is entitled to an accounting of Mr. Morey's and Plaintiff's sales and profits of the Small

18  Shadowbox Designs. Defendants allege that Plaintiff's DMCA notice constituted

19  misrepresentation under the DMCA.  Defendants' state claims stem from this misrepresentation.

20  Finally, Defendants allege that, if enforceable, Mr. Morey breached the 2001 Agreement.

21  **4.    MOTIONS**

22       No motions have been filed to date, and at this time the parties do not anticipate filing

23  any motions. The parties reserve the right to file appropriate motions in the event discovery or

24  other activity in the case warrants them, including without limitation dispositive motions.

25  ///

26  ///

1-  **JOINT CASE MANAGEMENT STATEMENT**
    **AND PROPOSED ORDER**
    **Case No: CV074015MMC**

**5.     AMENDMENT OF PLEADINGS**

Plaintiff has agreed to file a First Amended Complaint by December 21, 2007. Defendants will file an Answer and Counterclaims by January 4, 2008. Plaintiff will respond to the Counterclaims within the time allowed by the Federal Rules of Civil Procedure.  Other than these changes, the parties do not anticipate a need to amend the pleadings. However, recognizing that information obtained during discovery may uncover potential new issues or parties, the parties request that the deadline to amend be set as March 28, 2008.

**6.     EVIDENCE PRESERVATION**

Plaintiff's and Defendants' counsel have discussed evidence preservation with their respective parties. Neither party has an ongoing document-destruction program and each party has agreed to preserve all electronically-recorded material.

**7.     DISCLOSURES**

The parties have agreed to exchange initial disclosures on December 14, 2007.

**8.     DISCOVERY**

No discovery has been taken to date. The parties do not anticipate a need to limit or modify discovery rules.  The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f), and have agreed to exchange e-discovery in pdf or tif format, with the option for the receiving party to request other formats on a case-by-case basis. The parties have agreed to refrain from exchanging discovery requests pending court-ordered mediation (see below), other than as necessary to support the mediation. The parties are working on a stipulated protective order to facilitate confidential discovery responses.

**9.     CLASS ACTIONS**

Not applicable.

**10.     RELATED CASES**

The parties are not aware of any related cases.

**11.     RELIEF**

1- **JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER**
**Case No: CV074015MMC**

\\Jelad\Clients\3400-3499\3443\Pleadings\Joint CASE MANAGEMENT STATEMENT.DOC

A.    Plaintiff seeks the following relief:

Injunctive relief:

1.    Enjoining Defendants from: making and marketing copies of Plaintiff's copyrighted designs and trade dress, or making false or misleading descriptions of facts in their commercial advertising and promotions, regarding Plaintiff's products or Defendant's products or the nature of the business relationship between Plaintiff and Defendants;

2.    Notification to venues where the infringing products have been displayed or offered for sale requiring that such display and sales be discontinued and that the materials be destroyed.

3.    Destruction of all infringing materials in Defendants' possession.

Monetary relief:

4.    Profits made by Defendants as a result of the infringements, with interest (amount presently unknown), to be calculated as net profits on sales of the infringing products;

5.    Plaintiff's damages (amount presently unknown), to be calculated as net profits on sales lost by Plaintiff as a result of Defendant's infringements;

6.    Disgorgement of Defendants' profits and/or unjust enrichment (amount presently unknown);

7.    Treble damages for willful trade dress infringement;

8.    Statutory damages in the amount of $150,000 per copyright infringement (the maximum allowable as provided under and pursuant to 17 U.S.C. § 504(c), as amended).

9.    Punitive damages in an amount to be determined at trial.

10.    Plaintiff's attorneys' fees and costs

B.    Defendants seek the following relief:

1.    Denial of any relief Plaintiff seeks;

1-  **JOINT CASE MANAGEMENT STATEMENT**
     **AND PROPOSED ORDER**
     **Case No: CV074015MMC**

\\Jelad\Clients\3400-3499\3443\Pleadings\Joint CASE MANAGEMENT STATEMENT.DOC

1    2.    If Defendant is liable for copyright infringement, statutory damages and attorney

2    fees should be denied because the infringement alleged to have begun at least as early as June

3    2005 while any registration of the copyrights occurred in late 2005 and early 2006;

4    3.    If Defendants are found to have infringed any rights of Plaintiff, the relief should

5    be limited to Plaintiff's damages, to be calculated as net profits on sales lost by Plaintiff as a

6    result of Defendant's infringements;

7    On Defendants' counterclaims (not yet raised):

8    Injunctive Relief:

9    1.    A declaration that Mr. Sage is a co-author of the Small Shadowbox Designs with

10    Mr. Morey (who will necessarily be joined as a party by counterclaim) and subsequent

11    modification of the ten U.S. Copyrights obtained by Mr. Morey;

12    Monetary Relief:

13    2.    An accounting from Mr. Morey and Plaintiff for sales and profits of the Small

14    Shadowbox Design and equitable division of those profits (amount presently unknown);

15    3.    Defendants' damages (amount presently unknown), to be calculated as net profits

16    on sales lost by Defendants as a result of Plaintiff's and/or Mr. Morey's misrepresentations under

17    the DMCA, interference with Defendants' prospective business advantage, and unfair

18    competition;

19    4.    Defendants' damages (amount presently unknown) for loss of goodwill and

20    reputation as general damages as a result of Plaintiff's and/or Mr. Morey's misrepresentations

21    under the DMCA, interference with Defendants' prospective business advantage, and unfair

22    competition;

23    5.    Disgorgement of Defendants' profits and/or unjust enrichment (amount presently

24    unknown);

25    6.    Punitive damages in an amount to be determined at trial;

26    7.    Defendants' attorney fees and costs.

1- **JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER
Case No: CV074015MMC**

\\Jelad\Clients\3400-3499\3443\Pleadings\Joint CASE MANAGEMENT STATEMENT.DOC

**12.    SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

The parties resumed negotiations for purchase of the Leaf Lines business by Sage Designs, or alternate resolution, in September 2007. The parties have been attempting to settle this matter and are committed to continuing such efforts. The parties have agreed to court-ordered mediation. The parties expect that initial disclosures will provide sufficient information and documentation to support the mediation, and therefore do not anticipate that particular discovery or motions will be necessary to position the parties to negotiate a resolution.

**13.    CONSENT TO MAGISTRATE**

Not applicable.

**14.    OTHER REFERENCES**

Not applicable.

**15.    NARROWING OF ISSUES**

There are no issues that can be narrowed at this time. However, the parties will endeavor to do so as appropriate following discovery.

**16.    EXPEDITED SCHEDULE**

Because of the heavily-disputed factual issues, the parties do not believe that this case can be handled on an expedited basis.

**17.    SCHEDULING**

The parties request the following schedule, with the understanding that adjustments may be requested if rendered necessary by timing of the mediation or other matters that may impact scheduling:

| | |
|---|---|
| Fact discovery cut-off: | June 16, 2008 |
| Expert disclosure: | August 15, 2008 |
| Rebuttal expert reports due: | September 15, 2008 |
| Expert depositions cut-off: | October 3, 2008 |
| Dispositive motions hearing: | November 28, 2008 |

1- **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
**Case No: CV074015MMC**

Trial:                          January 25, 2009, or two months after the court rules on
                                dispositive motions, or at a date thereafter as convenient to
                                the Court's calendar

**18.    TRIAL**

The case will be tried to a jury. The parties anticipate a two-week trial.

**19.    DISCLOSURE OF NON-INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, Plaintiff certifies that as of this date, other than the named

parties, there is no such interest to report.

Pursuant to Civil L.R. 3-16, Defendants certify that as of this date, other than the named

parties and Mr. Booker Morey, there is no such interest to report.

**20.    OTHER MATTERS**

Not applicable.


Dated: December 7, 2007                          Dated: December 7, 2007


_Christopher W. Brown_, SBN 243472               /s/ Linda Joy Kattwinkel
Christopher W. Brown, SBN 243472                 Linda Joy Kattwinkel, SBN 164283
Attorney for Defendants Michael Sage and         Attorney for Plaintiff Leaf Lines, LLC
Susan Gilmour Sage, dba Sage Designs

///

///

///

///

///

///

///

///

///

1-  **JOINT CASE MANAGEMENT STATEMENT**
    **AND PROPOSED ORDER**
    **Case No: CV074015MMC**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as

the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition the Court Orders: _____

_____

_____

_____

_____

_____

_____

Dated: _____          _____

The Honorable Maxine M. Chesney
United States District Judge

1- **JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER
Case No: CV074015MMC**

\\Jelad\Clients\3400-3499\3443\Pleadings\Joint CASE MANAGEMENT STATEMENT.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I served a true copy of the foregoing **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** on the individuals listed below:

Linda Joy Kattwinkel
Owen, Wickersham & Erickson, P.C.
455 Market Street, Suite 1910
San Francisco, CA 94105
Tel: 415-882-3200
Fax: 415-882-3232
Email: ljk@owe.com

Attorney for Plaintiff, Leaf Lines, LLC

[  ]    by **mailing** a full, true, and correct copy thereof in a sealed first-class postage-prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

[  ]    by causing a full, true, and correct copy thereof to be **hand-delivered** to the attorney at the attorney's last-known office address listed above on the date set forth below.

[  ]    by sending a full, true, and correct copy thereof via **overnight courier** in a sealed, prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, on the date set forth below.

[  ]    by **faxing** a full, true, and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed.

[ x ]    by **emailing** a full, true and correct copy thereof to the attorney at the email address shown above, which is the last-known email address for the attorney, on the date set forth below.

DATED this 7th day of December, 2007.

Jennifer Muller

Jennifer Muller, Paralegal

1 – CERTIFICATE OF SERVICE